```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

SYLVIA J. WILSON-GOINES,

      Plaintiff,

v.                             CASE NO:   8:12-cv-1675-T-33MAP

MARRIOTT OWNERSHIP RESORTS,
INC.,

      Defendant.
_____/

## **ORDER**

This cause comes before the Court pursuant to Defendant Marriott's Partial Motion to Dismiss Amended Complaint (Doc. # 8), filed on August 24, 2012. Plaintiff Wilson-Goines filed a Response in Opposition (Doc. # 11) on September 20, 2012. For the reasons that follow, the motion is denied.

## I. **Background**

Wilson-Goines, an African-American, commenced employment with Marriott "in approximately February 2007." (Doc. # 5 at ¶ 14). In September 2007, Plaintiff applied and interviewed for the "Reconciliation and Reporting Manager position" with Marriott. Id. at ¶ 15. After Wilson-Goines interviewed for that position, "she was informed by the Manager . . . (a Caucasian) that he had given the position to [a Caucasian employee] because she had been with the company longer." Id.

at ¶ 16. In October 2007, Wilson-Goines applied for a staff accountant position with Marriott, but again, Wilson-Goines ultimately was not selected to fill the position. Id. at ¶¶ 17-21. Wilson-Goines subsequently applied "for various other positions with Defendant that she was qualified for and was never selected for any of the positions," including another staff accountant position for which Wilson-Goines applied in November 2008. Id. at ¶¶ 22, 25-26.

Wilson-Goines claims that all of the "reasons given for failing to promote Plaintiff were a pretense," and that "Plaintiff was better qualified than the individuals" promoted or hired by Marriott. Id. at ¶ 28. Wilson-Goines filed timely charges of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR). Id. at ¶ 7. Wilson-Goines received a Notification of Right to Sue from the EEOC, but received no notification from the FCHR within 180 days of filing the charge. Id. at ¶¶ 8-9.

Pursuant to the Florida Civil Rights Act (FCRA), Wilson-Goines now sues Marriott for (1) Failure to Promote and (2) "Wrongful Termination/Retaliation." Id. at ¶¶ 30-40. Marriott has filed a partial motion to dismiss, arguing that certain claims alleged in the Amended Complaint are barred by

the applicable statute of limitations.

## II. **Legal Standard**

In reviewing a motion to dismiss, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must

-3-

include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. Discussion

The Florida Civil Rights Act, Fla. Stat. § 760.01, et seq., patterned after Title VII of the Federal Civil Rights Act, 42 U.S.C. § 2000e, et seq., provides that it is an unlawful employment practice for an employer:

> To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status.

Fla. Stat. § 760.10(1)(a). Claims based on violations of the FCRA must be filed with the Florida Commission on Human Relations "within 365 days of the alleged violation." Fla. Stat. § 760.11(1). Section 760.11 further explains how a claimant should proceed, depending on whether the claimant receives from the FCHR (1) a favorable reasonable cause determination, (2) a determination that there is no reasonable cause to believe that a violation of the Act occurred, or (3) no determination at all.

In the present case, Wilson-Goines received no determination within 180 days of filing a charge with the

-4-

FCHR. (Doc. # 5 at ¶ 9, Doc. # 8 at 2.) In <u>Joshua v. City of Gainesville</u>, 768 So. 2d 432 (Fla. 2000), the Florida Supreme Court held that, if the FCHR fails to make a reasonable cause determination within 180 days, "the statute of limitations for causes of action based on statutory liability, [Fla. Stat.] § 95.11(3)(f), applies" rather than the one-year limitations period for filing an action after the FCHR issues a finding of reasonable cause. <u>Id.</u> at 439. Section 95.11(3)(f) provides that an action founded on statutory liability "shall be commenced . . . within four years." This timeliness requirement is the basis of Marriott's Motion to Dismiss.

Marriott argues that, because Wilson-Goines filed the Amended Complaint asserting FCRA claims on August 10, 2012, "claims that accrued before August 10, 2008 are time-barred by the applicable four-year statute of limitations." (Doc. # 8 at 3). In response, Wilson-Goines argues that the Amended Complaint "alleges a series of denials of promotion," and that "[t]he multiple denials of promotion, particularly when Plaintiff learn[ed] much later that the reasons given to her for many of the denials of promotion were false, individually and collectively, give rise to a discrimination claim." (Doc. # 11 at 3).

Wilson-Goines cites no authority to support the

proposition that "a continuous pattern of discrimination" based on an employer's failure to promote should prompt different statutory timeliness considerations than "discrete acts of discrimination."  (Doc. # 11 at 3).  In <u>Maggio v. Dept. of Labor & Employment Sec.</u>, 910 So. 2d 876 (Fla. 2d DCA 2005), the holding of which Wilson-Goines characterizes as applying only to "discrete acts of discrimination," the court explains:

> The general rule for the application of a statute of limitations is that the time for filing an action begins to run when the cause of action accrues, and a cause of action is said to accrue when 'the last element constituting the cause of action occurs.'  [Fla. Stat.] § 95.031. . . . [T]he last element constituting [plaintiff's] cause of action as to each of the discrete acts of discrimination occurred at the time that each of the discriminatory acts occurred.

<u>Id.</u> at 878-79.  However, <u>Maggio</u> refers to the Supreme Court's opinion in <u>Nat'l R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101 (2002), to distinguish a hostile work environment claim from a claim regarding discrete discriminatory acts. <u>Morgan</u> reasons that because

> [t]heir very nature involves repeated conduct . . . [t]he 'unlawful employment practice' . . . cannot be said to occur on any particular day.  It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own.

<u>Id.</u> at 115.  Thus, because a hostile work environment claim is

-6-

"based on the cumulative effect of individual acts" that "collectively constitute one 'unlawful employment practice,'" it does not matter that some of the component acts fall outside the statutory time period, provided that at least one act contributing to the claim does occur within the relevant period. Id. at 115-16. Although Morgan involved a hostile work environment claim under Title VII of the Civil Rights Act of 1964, the Court notes that "federal case law construing Title VII is persuasive authority for interpretation of the FCRA, because the FCRA mirrors and is patterned after Title VII." Mousa v. Lauda Air Luftfahrt, A.G., 258 F. Supp. 2d 1329, 1340 (S.D. Fla. 2003) (citing Harper v. Blockbuster Entm't Corp., 139 F.3d 1385, 1387 (11th Cir. 1998)).

Notably, however, the Amended Complaint in this case does not state a hostile work environment claim, and Morgan specifically distinguishes such a claim from other, "discrete" acts, stating that "[d]iscrete acts such as termination, *failure to promote*, denial to transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" Morgan, 536 U.S. at 114 (emphasis added). Morgan further explains:

> [D]iscrete discriminatory acts are not actionable

> if time barred, even when they are related to acts alleged in timely filed charges.  Each discrete act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the [specified limitations] period after the discrete discriminatory act occurred. The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. *Nor does the statute bar an employee from using the prior acts as background evidence in support of a timely claim*.

<u>Id.</u> at 113 (emphasis added).  Thus, for failure-to-promote claims, the Court may consider only those discrete acts that fall within the statute of limitations, but an employee may nonetheless support a failure-to-promote claim with allegations of prior discriminatory acts that independently would be untimely filed.

Having established that time-barred, discrete acts may be used by a plaintiff to support timely claims of discrimination, the Court now turns to the present Motion. As stated above, Marriott argues that "claims that accrued before August 10, 2008 are time-barred by the applicable four-year statute of limitations," and that the "four-year statute of limitations runs from the date the cause of action accrued." (Doc. # 8 at 3-4).  The Court agrees.  "Statutes of limitations serve important purposes in promoting the fair

-8-

administration of justice." Arce v. Garcia, 434 F.3d 1254, 1260 (11th Cir. 2006); see also Burnett v. N.Y. Cent. R.R. Co., 380 U.S. 424, 428 (1965) ("Statutes of limitations are primarily designed to assure fairness to defendants. Such statutes promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.")(internal quotation and citation omitted). Accordingly, Wilson-Goines's opportunity to state a claim for any violation of the FCRA based on discrete acts occurring before August 10, 2008, has expired.

However, both of Wilson-Goines's present FCRA claims are partially predicated on discrete acts occurring as late as "November 2008." (Doc. # 5 at ¶¶ 25-28). Indeed, Marriott concedes in the Motion to Dismiss that "Plaintiff's claims that accrued after August 10, 2008 are properly before this Court" (Doc. # 8 at 4), and Marriott does not otherwise dispute the sufficiency of Wilson-Goines's claims for failure to promote and wrongful termination. The Court agrees with Marriott's contention that an FCRA claim based solely on the discrete acts occurring in September 2007, October 2007, November 2007, or July 2008 (Doc. # 5 at ¶¶ 15, 17, 21 & 23) would be time-barred. However, because Wilson-Goines

additionally alleges discriminatory acts occurring in November 2008, the inclusion of these previous discriminatory acts does not constitute grounds for dismissal of either count of the Amended Complaint at this juncture.

Therefore, because Wilson-Goines has sufficiently alleged discrete acts of discrimination occurring after August 10, 2008, and because Marriott does not seek to dismiss either count of the Amended Complaint in its entirety, the Court denies Defendant's Partial Motion to Dismiss.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Partial Motion to Dismiss Amended Complaint (Doc. # 8) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of October, 2012.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record